■ In the Matter of HARRY SHAFER et al., Doing Business as 6623 RIDGE Co., et al., Appellants, v. HORTENSE W. GABEL, as City Rent and Rehabilitation Administrator, Respondent.— Judgment dismissing petition in article 78 proceeding against City Rent Administrator unanimously affirmed, with costs. Petitioner applied to respondent City Rent Administrator for a hardship increase in rents based on the purchase price. Respondent denied an increase based on the purchase price but allowed an increase based on the assessed valuation. It appears that the property changed hands four times within a period of one month. Petitioner's original application was based on the price to him of $492,000. Upon a remission he based his application on the first of the four sales which realized a price of $435,000. Respondent's ground for rejecting the use of the purchase price was that the financing was abnormal. Several grounds for this finding were advanced, of which we consider only one, namely, that the total amount of the mortgages exceeded the assessed valuation. We have pointed out that a ratio adopted by the respondent of mortgages to assessed valuation must have some support either in proof of the customary ratio in sales of like property or in some other demonstrable indication of abnormality. (*Matter of Van Cortland Assoc.* v. *Gabel,* 21 A D 2d 192.) Here the respondent's opinion meets that test. Prior to the transactions eventuating in petitioner's acquisition of the property the mortgages were less than the assessed valuation. The increase came about by the placing of a third mortgage on the property, the proceeds of which were used to make the required cash payment. Without the use of these funds the cash payment would only have amounted to 11%. It therefore appears that the resulting excess was brought about by the necessity of providing a 20% cash payment. Had the seller accepted a purchase-money mortgage, the paucity of cash would have rendered the sale suspect. It follows that in this instance respondent has demonstrated that the use of her ratio is valid as an indication of abnormality. Concur — Botein, P. J., Valente and McNally, JJ.; Breitel and Bastow, JJ., concur in the result.